```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

RODNEY M. PATTON,                )
                                 )
                  Plaintiff,     )
                                 )
     v.                          )     No.  07 C 2180
                                 )
COUNTY OF COOK, et al.,          )
                                 )
                  Defendants.    )
```

                          MEMORANDUM ORDER

Experienced pro se litigant Rodney Patton ("Patton") has recently filed still another Complaint, this one advanced against Cook County Sheriff Tom Dart and other Sheriff's Office personnel assigned to the Cook County Department of Corrections ("County Jail"), where Patton is in custody. Both the Complaint and its accompanying In Forma Pauperis Application ("Application") and Motion for Appointment of Counsel ("Motion") have been prepared on forms provided by this District Court's Clerk's Office for use by persons in custody. This memorandum order is issued sua sponte because of an obvious deficiency in Patton's current filing.

In Complaint ¶III.C Patton expressly acknowledges that he has filed a grievance with a social worker at the County Jail as to which there is still an "open investigation," and he goes on to say the same thing as to an asserted appeal in connection with that grievance. That still-pending status is also confirmed by an attached exhibit, a photocopy of the County Jail's Appeal

Board's April 3, 2007 statement that the "Incident is under investigation."

That being the case, Patton's current effort to invoke 42 U.S.C. §1983 must be dismissed because of his failure to satisfy the precondition of exhaustion of administrative remedies (see Section 1997e(a)).[1] This dismissal also calls for the denial of the Motion as moot, and this Court so orders.

As for the Application, however, Patton's premature filing has cost him another $350 in filing fees pursuant to 28 U.S.C. §1915, payable in installments as that section specifies. This time the average monthly deposits to his trust fund account during his time in custody come to $47.77, so that the required initial payment on account of the filing fee comes to $9.55.

Because the account was insufficient as of the March 15 date of the printout to cover that amount, the trust fund officer at County Jail (to whom a copy of this memorandum order is being sent) is ordered to remit that payment on account as soon as the trust fund account is sufficient for that purpose, remitting that initial fee directly to the Clerk of Court ("Clerk"):

>Office of the Clerk
>United States District Court
>219 South Dearborn Street
>Chicago IL 60604
>Attention: Fiscal Department

---

[1] This is not Patton's first encounter with the exhaustion requirement. Two of his earlier lawsuits (03 C 2002 and 03 C 3993) were also dismissed on the same prematurity ground.

2

Both the initial payment and all future payments shall clearly identify Patton's name and the 07 C 2180 case number assigned to this action.

As for the remainder of the $350 filing fee, which Patton is also ordered to pay pursuant to Section 1915(b)(2), the trust fund officer at County Jail (or at any other correctional facility where Patton may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 30, 2007