IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RODNEY M. PATTON,                )
                                 )
            Plaintiff,           )
                                 )
    v.                           )   No.  07 C 2180
                                 )
COUNTY OF COOK, et al.,          )
                                 )
            Defendants.          )

MEMORANDUM ORDER

Pro se plaintiff Rodney Patton ("Patton") has filed a handwritten Notice of Appeal ("Notice") that, although it does not specify the order appealed from, is undoubtedly directed at this Court's April 30, 2007 memorandum order ("Order," a copy of which is attached) that dismissed Patton's self-prepared 42 U.S.C. §1983[1] Complaint because of his clear failure to have satisfied the precondition of exhaustion of administrative remedies, as prescribed by Section 1997e(a).  Because Patton seeks to proceed in forma pauperis, he must demonstrate both an inability to bear the costs of the appellate filing fees (which currently aggregate $455) and the fact that the appeal is taken in good faith (a concept that is essentially equivalent to stating a nonfrivolous claim in the legal sense--see Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000)).  And because Patton has not met the second of those conditions, this Court

---

[1] All further references to Title 42's provisions will simply take the form "Section--."

denies his request for in forma pauperis status on appeal.

In that respect the Order points out (1) that Patton's own Complaint ¶III.C has expressly acknowledged that his grievance (filed at the County Jail level) was still an "open investigation" there at the time he filed suit, and (2) that the same thing was true as to an asserted administrative appeal in connection with the grievance. Indeed, both of those acknowledgments are confirmed by the documents that Patton has attached as exhibits to his Complaint. Those things conclusively bar a current court action by Patton under Section 1997e(a).

But the fact remains that Patton has initiated an appeal by his Notice, and under 28 U.S.C. §1915 that renders him liable for the $455 in filing fees, albeit in installments. Because the Notice says that Patton's trust fund account "hasn't changed," the calculation that was set out at page 2 of the Order applies to his appeal as well, requiring an initial payment on account of $9.55 on account of the appellate filing fees. In that regard the remainder of the Order applies with equal force, and it is therefore repeated here with minor changes in brackets to conform to the circumstances of the present appeal:

> Because the account was insufficient as of the March 15 date of the printout to cover that amount, the trust fund officer at County Jail (to whom a copy of this memorandum order is being sent) is ordered to remit that payment on account as soon as the trust fund account is sufficient for that purpose, remitting that initial fee directly to the Clerk of Court ("Clerk"):

>       Office of the Clerk
>       United States District Court
>       219 South Dearborn Street
>       Chicago IL 60604
>       Attention:  Fiscal Department

Both the initial payment and all future payments shall clearly identify Patton's name and the 07 C 2180 case number assigned to this action, [with the words "on appeal" added to the case number].

As for the remainder of the [$455] filing fee[s], which Patton is also ordered to pay pursuant to Section 1915(b)(2), the trust fund officer at County Jail (or at any other correctional facility where Patton may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account.  Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full [$455 in] filing fee[s] is paid.

_____
Milton I. Shadur
Senior United States District Judge

Date:  May 14, 2007

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

RODNEY M. PATTON,                )
                                 )
               Plaintiff,        )
                                 )
     v.                          )     No.  07 C 2180
                                 )
COUNTY OF COOK, et al.,          )
                                 )
               Defendants.       )

## MEMORANDUM ORDER

Experienced pro se litigant Rodney Patton ("Patton") has recently filed still another Complaint, this one advanced against Cook County Sheriff Tom Dart and other Sheriff's Office personnel assigned to the Cook County Department of Corrections ("County Jail"), where Patton is in custody. Both the Complaint and its accompanying In Forma Pauperis Application ("Application") and Motion for Appointment of Counsel ("Motion") have been prepared on forms provided by this District Court's Clerk's Office for use by persons in custody. This memorandum order is issued sua sponte because of an obvious deficiency in Patton's current filing.

In Complaint ¶III.C Patton expressly acknowledges that he has filed a grievance with a social worker at the County Jail as to which there is still an "open investigation," and he goes on to say the same thing as to an asserted appeal in connection with that grievance. That still-pending status is also confirmed by

an attached exhibit, a photocopy of the County Jail's Appeal Board's April 3, 2007 statement that the "Incident is under investigation."

That being the case, Patton's current effort to invoke 42 U.S.C. §1983 must be dismissed because of his failure to satisfy the precondition of exhaustion of administrative remedies (see Section 1997e(a)).[2] This dismissal also calls for the denial of the Motion as moot, and this Court so orders.

As for the Application, however, Patton's premature filing has cost him another $350 in filing fees pursuant to 28 U.S.C. §1915, payable in installments as that section specifies. This time the average monthly deposits to his trust fund account during his time in custody come to $47.77, so that the required initial payment on account of the filing fee comes to $9.55.

Because the account was insufficient as of the March 15 date of the printout to cover that amount, the trust fund officer at County Jail (to whom a copy of this memorandum order is being sent) is ordered to remit that payment on account as soon as the trust fund account is sufficient for that purpose, remitting that initial fee directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street

---

[2] This is not Patton's first encounter with the exhaustion requirement. Two of his earlier lawsuits (03 C 2002 and 03 C 3993) were also dismissed on the same prematurity ground.

5

Chicago IL 60604
                Attention:  Fiscal Department

Both the initial payment and all future payments shall clearly identify Patton's name and the 07 C 2180 case number assigned to this action.

    As for the remainder of the $350 filing fee, which Patton is also ordered to pay pursuant to Section 1915(b)(2), the trust fund officer at County Jail (or at any other correctional facility where Patton may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account.  Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid.

                                        _____
                                          Milton I. Shadur
                                          Senior United States District Judge

Date:  April 30, 2007